IN THE UNITED STATES DISTRICT COURT
FOR THE Southern DISTRICT OF TEXAS
Texas DIVISION

United States Courts
Southern District of Texas
FILED

January 8, 2025

Nathan Ochsner, Clerk of Court

Mahmoud Abdelaziz, ID A25879454
Plaintiff's Name and ID Number

Fort Bend County Jail
Place of Confinement

CASE NO. 4:2cv0169
(Clerk will assign the number)

v.

Officer Gustavo A. Ruiz-Almaraz, sugarland Police Department
Defendant's Name and Address

_____
Defendant's Name and Address

_____
Defendant's Name and Address
( DO NOT USE "ET AL.")

### INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be <u>legibly</u> handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $55.00 for a total fee of **$405.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "...if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $55.00 administrative fee does not apply to cases proceeding *in forma pauperis.*)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

  A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___ YES _X_ NO

  B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
  1. Approximate date of filing lawsuit:_____
  2. Parties to previous lawsuit:

     Plaintiff(s)_____

     Defendant(s)_____
  3. Court: (If federal, name the district; if state, name the county.)_____
  4. Cause number:_____
  5. Name of judge to whom case was assigned: _____
  6. Disposition: (Was the case dismissed, appealed, still pending?) _____
  7. Approximate date of disposition:_____

PLACE OF PRESENT CONFINEMENT: the court ruled that there was no probable cause for my arrest

I. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure? X YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

/. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: 
MAHMOUD ABDELAZIZ , 1502 Enclave Pkwy ,Apa 608, Houston, TX 77077

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Gustavo A. Ruiz-Almaraz, PATROL DEPUTY EVENING SHIFT Police Department ,sugarland , GAA001. 1200 Highway 6 S. Sugar Land, T)

At all times mentioned in this complaint, the defendant acted under the color of state law.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

1,Arresting me without probable cause or material evidence, 2.distorting witness statements, 3.ignoring my accusations against the other party and treating them as a witness 5. discriminating, detaining, searching, using excessive force during the ar

Defendant #2: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #3: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #4: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

On September 27, I arrived at Abdul Razak's home at (15603 OLETA LN SUGAR LAND, TEXAS, 77498) . After two weeks, on 03/10/2024, he asked me to leave the home because I rejected his request for more money. I refused and requested that he call the police. Despite my request for police intervention, Abdul Razak entered my room, physically assaulted me, and destroyed my property. As I defended my belongings, particularly my laptop, which contains important research and my Ph.D. thesis, Abdul Razak's wife, Mary, intervened and hit me on the back of my head with a vase. Abdul Razak and Mary continued to assault me and tear my clothes. I fled the house, leaving my belongings behind.

At approximately 10:45 PM on the night of the incident, I called the police and requested help and medical assistance due to losing consciousness from the assault on my hade. I was unable to stand and was on the floor until the police and ambulance arrived for evaluation. Witness Mohammad Mustafa, who was my roommate at the time, testified that Mary, Abdul Razak's wife, struck me on the back of the head with a vase, and I had requested police intervention before Abdul Razak started his assault. The officer ignored this detail, despite me mentioning it. The next morning, on 03/10/2024, the court ruled that there was no probable cause for arrest and affirmed my right to return to the home. On 04/10/2024, I returned to Abdul Razak's home, accompanied by Officer Shawn Briere (shawn.briere@fortbendcountytx.gov) to retrieve my belongings. At 1:00 AM, we discovered that most of my property had been destroyed, including my laptop, and $1,100 had been stolen. The officer witnessed the damage and confirmed my right to stay in the home. However, due to my fear of Abdul Razak, I decided not to stay and left the premises.

I. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

1. declaration that the acts and omissions described herein violate my rights under the Constitution and laws of the United States, and 2.Granting Plaintiff Hey compensatory damages in the amount of $100,000 against the defendant. 3. The plaintiff also seeks a jury trial on all issues triable by jury. 4. The plaintiff also seeks recovery of their costs in this suit, and Any additional relief this court deems just, proper, and equitable.

II. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

MAHMOUD ABDELAZIZ ABDELSATTAR ABDELAZIZ

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

N/A

III. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?    ___YES  X NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): _____
2. Case number: _____
3. Approximate date sanctions were imposed: _____

    4. Have the sanctions been lifted or otherwise satisfied?    \_\_\_YES  X NO

C. Has any court ever warned or notified you that sanctions could be imposed?   \_\_\_YES X NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

    1. Court that issued warning (if federal, give the district and division): _____

    2. Case number: _____

    3. Approximate date warning was issued: _____

Executed on: January 1, 2025
DATE

(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this **Monday** (Day) day of **January** (month), 20 **25** (year).

(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

# CIVIL ACTION NO:

Plaintiff's Full Name: Mahmoud Abdelaziz abdelsattar
1502 Enclave Pkwy, Houston, TX 77077
Ap 608.
Mobil: +1 631-739-5972
Email: m.abdelaziz.eg.com@gmail.com

**vs.**

Defendant's Full Name or Entity: Officer Gustavo A. Ruiz-Almaraz (Member ID: GAA001), Patrol Deputy on the Evening Shift, Sugar Land, Police Department.

## I. JURISDICTION & VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises under the laws of the United States, specifically 42 U.S.C. § 1983. Venue is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to this claim occurred in Sugar Land, Texas.

## II. PARTIES TO THIS SUIT

2. I am temporarily residing at the above address due to the nature of my work and stay in the United States on a B-1 visa for research purposes. I request the Court's permission to use email (m.abdelaziz.eg.com@gmail.com) as my primary means of correspondence and to conduct hearings online should I not be available in the country. I also respectfully request the Court's understanding in favorably interpreting any errors in this complaint, as I am representing myself in this matter.

## III. Defendants

3. Officer Gustavo A. Ruiz-Almaraz (Member ID: GAA001), Patrol Deputy on the Evening Shift, Sugar Land, Police Department.

## IV. STATEMENT OF CLAIM

4. On or about september 27, 2024, an agreement was established between myself and Mr. Abdul Razak under the terms of a hosting arrangement facilitated by the "Reconnect Project." This organization arranged my return ticket from Washington, D.C., to Mr. Abdul Razak's residence in Sugar Land, Texas, for a three-month stay. The hosting agreement explicitly outlined Mr. Abdul Razak's responsibility to provide accommodation and

consent, evidenced by his provision of a copy of his Texas driver's license and his signing of the agreement via his personal email.

5. Despite the clear terms of the agreement, Mr. Abdul Razak breached the arrangement shortly after my arrival at his residence, located at 15603 Oleta Ln, Sugar Land, Texas, 77498. On October 3, 2024, Mr. Abdul Razak demanded I vacate the premises without legal justification, citing my refusal to provide him with additional money. Upon my refusal and request to involve the police, and Rather than contacting the police, Mr. Abdul Razak entered my room, physically assaulted me, and destroyed my belongings. While defending my property, specifically my laptop containing critical Ph.D. research, Mr. Abdul Razak's wife, Mary, struck me on the back of the head with a vase. The assault continued with both parties ripping my clothing. Fearing for my safety, I fled the house, leaving my belongings behind.

6. At approximately 10:45 PM, On October 3, 2024, I called 911 from my phone (+1 631-739-5972) to seek police assistance and medical attention. The call lasted around seven minutes as I detailed my medical condition. Shortly thereafter, I lost partial consciousness due to the head injury inflicted by Mary. Unable to stand, I lay on the ground until Officer Gustavo A. Ruiz-Almaraz arrived.

## IV. SPECIFIC ALLEGATIONS AGAINST THE DEFENDANT

**Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.**

7. Unlawful Arrest: Upon his arrival, Officer Ruiz-Almaraz treated me immediately as a suspect, Despite my visible injuries and lack of probable cause or material evidence, Officer Ruiz-Almaraz arrested me without justification.

8. Bias in Reporting: The officer distorted witness statements, drafting a report blatantly biased against me while ignoring my accusations. He failed to document my claims that Mary struck me on the head.

9. Neglect of Evidence: The officer dismissed my valid lease agreement and refused to examine my documents proving my lawful residency at the property.

10. Discrimination: I was subjected to discrimination as a foreigner after Mary stated her son worked in law enforcement and was acquainted with Officer Ruiz-Almaraz.

11. Excessive Force: During the arrest, the officer handcuffed me so tightly that it caused severe pain and restricted blood circulation, despite my compliance and visible health deterioration. My requests to loosen the cuffs were repeatedly denied.

## VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

12. Granting Plaintiff a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States, specifically under 42 U.S.C. Section 1983.

13. Awarding Plaintiff $100,000 in compensatory damages for the psychological and emotional distress suffered as a result of the arrest detention, including the diagnosed depression and anxiety directly caused by the conditions of solitary confinement. and for the loss of income, academic opportunities, and reputational harm resulting from the detention, which disrupted his doctoral studies and professional trajectory.

14. Punitive damages to deter future misconduct.

15. An injunction requiring improved training and accountability measures within the Sugar Land Police Department.

16. Awarding any additional relief this Court deems just, proper, and equitable under the circumstances.

17. Plaintiff also seeks a jury trial on all issues triable by jury.

Any additional relief this court deems just, proper, and equitable.

## Summary of Psychological, Physical, and Financial Damages to this Lawsuit.

### Deep Psychological Effects

18. Medical and psychological assessments by prison authorities demonstrate the profound psychological harm caused by the claimant's detention. Diagnosed with depression and anxiety, the claimant endured solitary confinement for much of his incarceration, which only intensified his mental health challenges.

29. This urgent referral highlights the direct psychological harm caused by the claimant's arrest and detention. According to evaluations conducted before and after his detention, all psychological issues stemmed from his time in custody.

### Financial Damages

### Loss of Employment Opportunities:

30. As a direct result of his detention, the claimant lost significant work opportunities that were essential for maintaining his financial stability.

### Academic Disruption:

31. At the time of his arrest, the claimant was in a critical phase of completing his Ph.D. His research was disrupted, leading to missed academic milestones and opportunities, which severely impacted his academic reputation and future prospects.

**Reputation Damage:**

32. The arrest tarnished the claimant's academic and professional reputation, making it difficult to regain the trust and opportunities he once had.

**Loss of Resources:**

33. The claimant's detention restricted his access to vital academic and financial resources necessary to complete his research and studies, further compounding his losses.

Dated: January 6, 2025

Respectfully submitted, Mohammed Abdelaziz Abdelsattar

signature